# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>KETTNER INVESTMENTS, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12366 (KBO)<br><br>**Re: D.I. 264 and 267** |

## OMNIBUS ORDER APPROVING THIRD INTERIM FEE APPLICATIONS OF PROFESSIONALS

Upon consideration of the interim fee applications (each an "Interim Application" and, collectively, the "Interim Applications") of the professionals listed on Exhibit 1 attached hereto (each a "Professional" and, collectively, the "Professionals"), pursuant to sections 330(a) and 331 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, *et seq* and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for the interim allowance of certain fees, including all holdbacks, and expenses for the period from September 1, 2021 through and including November 30, 2021 (the "Compensation Period"); and the Court having reviewed the Interim Applications; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Interim Applications was adequate under the circumstances; and (c) all persons with standing have been afforded the opportunity to be heard on the Interim Applications; and upon the record of all proceedings in these cases; and after due deliberation and sufficient and good cause appearing therefor;

---

[1] The Debtor in this chapter 11 case, together with the last four digits of each Debtor's federal tax identification number, is as follows: Kettner Investments, LLC, successor-by-merger to Stone Ash, LLC (Delaware), fka General Hemp LLC, and fka Greater Hemp LLC (2258). The mailing address for the Debtor, solely for the purpose of notices and communications, is: 9625 Mission Gorge Road, No. B-2331, Santee, California 92071.

**IT IS HEREBY ORDERED THAT:**

1. Each Interim Application is hereby APPROVED on an interim basis as set forth herein and in the amounts set forth on <u>Exhibit 1</u>.

2. Each of the Professionals is allowed compensation for services rendered during the Compensation Period and reimbursement for actual and necessary expenses incurred during the Compensation Period in the amounts set forth on <u>Exhibit 1</u> attached hereto, including any and all holdbacks.

3. To the extent not already paid, the Professionals should be paid one-hundred percent (100%) of the fees and one-hundred percent (100%) of the expenses listed on <u>Exhibit 1</u> attached hereto that have not yet been paid in satisfaction of the allowed fees for services rendered and expenses incurred during the Compensation Period.

4. All fees and expenses allowed herein shall be subject to final allowance by the Court with regard to whether such amounts have been paid to the Professional.

5. This Order shall be deemed a separate order for each Professional and the appeal of any order with respect to any Professional shall have no effect on the authorized final fees and expenses of any other Professional.

6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: February 15th, 2022
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**